**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br><br>*City of Rochester v. Purdue Pharma*, *L.P.*, No. 19-op-45853 ("Track 12")<br><br>*City of Ogdensburg v. Purdue Pharma, L.P.,* No. 19-op-45852 ("Track 22") | **MDL No. 2804**<br><br>**Case No.: 1:17-MD-2804**<br><br>**Judge Dan Aaron Polster** |

**REPLY SUPPORTING OPTUMHEALTH DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

INTRODUCTION ........ 1

ARGUMENT ........ 1

I. PLAINTIFFS APPLY THE WRONG LEGAL STANDARD. ........ 2

II. THE COURT LACKS RICO JURISDICTION OVER THE OPTUMHEALTH DEFENDANTS. ........ 3

A. The ends of justice do not *require* the Court to exercise RICO jurisdiction over the OptumHealth Defendants........ 3

B. Interests of convenience are irrelevant to the ends-of-justice analysis. ........ 6

III. THE LAW-OF-THE-CASE DOCTRINE IS INAPPLICABLE. ........ 6

IV. JURISDICTIONAL DISCOVERY IS INAPPROPRIATE. ........ 7

CONCLUSION ........ 8

# TABLE OF AUTHORITIES


**Page(s)**

**CASES**

*Anthony v. Van Over*,
2023 WL 6307960 (E.D. Tenn. Sep. 27, 2023) .......... 3

*C.H. By and Through Shields v. United States*,
818 F. App’x 481 (6th Cir. 2020) .......... 8

*Delta Ecommerce LLC v. Tejeda Inc.*,
2026 WL 1653481 (N.D. Cal. June 8, 2026) .......... 3

*Greif Packaging, LLC v. Transcend Transit, LLC*,
2026 WL 554698 (S.D. Ohio Feb. 27, 2026) .......... 4

*Hall v. Trivest Partners, L.P.*,
178 F.4th 986 (6th Cir. 2026) .......... passim

*Hall v. Trivest Partners, L.P.*,
2026 WL 2389404 (July 22, 2026) .......... 6

*Hanover Ins. Co. v. Am. Eng’g Co.*,
105 F.3d 306 (6th Cir. 1997) .......... 7

*Indah v. SEC*,
661 F.3d 914 (6th Cir. 2011) .......... 3

*Peters Broad. Eng’g, Inc. v. 24 Cap., LLC*,
40 F.4th 432 (6th Cir. 2022) .......... 2

*Sledge v. Indico Sys. Res., Inc.*,
68 F. Supp. 3d 834 (W.D. Tenn. 2014) .......... 4

*Vanda Pharms., Inc. v. FDA*,
--- F.4th ---, 2026 WL 2409429 (D.C. Cir. Aug. 18, 2026) .......... 5

*Westside Mothers v. Olszewski*,
454 F.3d 532 (6th Cir. 2006) .......... 6, 7

**STATUTES**

18 U.S.C. § 1965(b) .......... passim

## INTRODUCTION

Plaintiffs' opposition confirms what the OptumHealth Defendants' opening brief demonstrated: this Court lacks personal jurisdiction over OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, and Optum Health Networks, Inc. (the **OptumHealth Defendants**). Those entities have no suit-related contacts with New York, and Plaintiffs have submitted no evidence to the contrary. Unable to identify any minimum contacts, Plaintiffs retreat to arguing that RICO's nationwide-service-of-process provision authorizes jurisdiction. But *Hall v. Trivest Partners, L.P.*, 178 F.4th 986 (6th Cir. 2026), forecloses that argument.

*Hall* demands strict review of attempts to drag defendants into a remote and foreign forum. Under *Hall*, RICO's nationwide service-of-process provision can "hal[e] defendants into far flung fora" only when *necessary* to litigate Plaintiffs' RICO claim. *Id.* at 990. A careful comparison of Plaintiffs' RICO allegations with the factual allegations about the OptumHealth Defendants confirms that their presence is not necessary at a trial against any other RICO defendant. As illustrated below, the facts and evidence concerning the OptumHealth Defendants have no connection to the facts and evidence concerning any other RICO Defendant. If these cases go to trial, the OptumHealth Defendants would never be mentioned at a trial against any other member of the alleged Formulary & UM Enterprise—and vice versa. That reality confirms it is unnecessary for the OptumHealth Defendants to litigate alongside any other RICO defendant. The Court should reject Plaintiffs' misuse of RICO's nationwide service-of-process provision and dismiss the OptumHealth Defendants for lack of personal jurisdiction. *Hall* compels that outcome.

## ARGUMENT

Plaintiffs rely on RICO's nationwide-service-of-process provision, 18 U.S.C. § 1965(b), and the law-of-the-case doctrine to establish personal jurisdiction. But recent Sixth Circuit precedent forecloses both arguments. *See generally Hall*, 178 F.4th 986. *Hall* confirms that the

ends of justice do not require the OptumHealth Defendants to litigate Plaintiffs' RICO claim in New York. Plaintiffs' alternative argument, that the law-of-the-case doctrine establishes jurisdiction, is no better because (i) the law regarding § 1965(b) has changed and (ii) the Court has not addressed the OptumHealth Defendants' arguments in any event.

## I. PLAINTIFFS APPLY THE WRONG LEGAL STANDARD.

Plaintiffs begin by mischaracterizing the OptumHealth Defendants' motion, claiming they have not raised an evidentiary challenge to jurisdiction. Dkt. 6697 (**Opp.**) at 4 (arguing that "the Moving Defendants have failed to submit evidence of any kind"). That is wrong. Because Plaintiffs' allegations against the OptumHealth Defendants center on an alleged connection between Dr. Michael Rosen (a former OptumHealth Care Solutions employee) and Purdue relating to educational materials, the OptumHealth Defendants submitted Dr. Rosen's sworn testimony establishing that (i) he had no knowledge of any educational materials reaching New York and (ii) those materials were created for nurse case managers, not prescribers. *See* Dkt. 6632-2. Because the OptumHealth Defendants submitted evidence demonstrating they have no suit-related connection to New York, Plaintiffs could not "stand on [their] pleadings" but were required to present "specific facts" establishing jurisdiction. *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 437–38 (6th Cir. 2022). Plaintiffs failed to submit any evidence—including the third-party evidence that they suggest (incorrectly) could establish contacts with New York. Opp. at 14 n.11. Despite over two years of discovery—including testimony from the very witness at the heart of their claims—Plaintiffs have produced no evidence connecting the OptumHealth Defendants to New York. Their failure to meet their evidentiary burden is itself a concession that the Court lacks specific personal jurisdiction over the OptumHealth Defendants.

## II. THE COURT LACKS RICO JURISDICTION OVER THE OPTUMHEALTH DEFENDANTS.

### A. The ends of justice do not *require* the Court to exercise RICO jurisdiction over the OptumHealth Defendants.

§ 1965(b) allows a court to exercise RICO jurisdiction over foreign defendants only when "necessary." *Hall*, 178 F.4th at 991. Here, it is not necessary to hale the OptumHealth Defendants into a foreign court to litigate RICO claims that are not about them.

Plaintiffs argue that the Court has RICO jurisdiction over the OptumHealth Defendants because "the allegations in the Complaints 'paint a picture' of the OptumHealth Defendants working closely with OptumRx and opioid manufacturers in furtherance of the overarching goal of the alleged 'Formulary & UM Enterprise[.]'" Opp. at 11–12 (quoting Dkt. 6235 at 7 (Order Denying the OptumInsight Defendants 12(b)(2) motion)). But those allegations don't exist. Plaintiffs point to the handful of allegations that reference "OptumHealth," but none mentions Optum Rx—let alone "paints a picture" of the OptumHealth Defendants "working closely" with Optum Rx to "further[]" a RICO enterprise. This Court cannot simply take the Plaintiffs' word for it. It must examine their complaints. If it does, it will see that there are no allegations suggesting that the OptumHealth Defendants participated in a RICO enterprise with any of the other remaining PBM Defendants.

Plaintiffs' failure to allege that the OptumHealth Defendants conspired or coordinated with Optum Rx or any other RICO defendant should end the inquiry. Without allegations that the OptumHealth Defendants "communicated or coordinated with the entities that formed 'the core of the Enterprise'" (*Delta Ecommerce LLC v. Tejeda Inc.*, 2026 WL 1653481, at *2 (N.D. Cal. June 8, 2026)), it cannot be "necessary" to rope the OptumHealth Defendants into a "far-flung" forum to litigate Plaintiffs' RICO claim. *Hall*, 178 F.4th at 991; *see also Indah v. SEC*, 661 F.3d 914, 922 (6th Cir. 2011) (to take advantage of a federal statute's nationwide service of process provision, a

plaintiff must adequately plead their claim under that statute); *Anthony v. Van Over*, 2023 WL 6307960, at *5 (E.D. Tenn. Sep. 27, 2023) (the ends of justice cannot require exercising jurisdiction over a defendant with no connection to the alleged enterprise); *Sledge v. Indico Sys. Res., Inc.*, 68 F. Supp. 3d 834, 838 (W.D. Tenn. 2014) ("[I]f a plaintiff has not stated a claim under a federal law which allows for nationwide service of process, he cannot claim that the district court has personal jurisdiction over a defendant as to those claims.").[1]

As the OptumHealth Defendants illustrated in their opening brief (Dkt. 6632 at 13), Plaintiffs would not mention Optum Rx (or any other RICO defendant) at a trial against the OptumHealth Defendants.[2] Plaintiffs' claims against the OptumHealth Defendants center on allegations that Purdue (and Purdue alone) coordinated with an OptumHealth Care Solutions' employee—Dr. Michael Rosen—to distribute educational materials to case managers and nurses within UnitedHealth Group. Rochester Compl. ¶ 181; Ogdensburg Compl. ¶ 179. A trial against the OptumHealth Defendants will focus on medical education programs, Dr. Rosen's work, and any communications with individuals at Purdue. That evidence has nothing to do with the evidence relating to Optum Rx or the ESI Defendants or, more generally, rebates, formularies, utilization management controls, and mail-order dispensing—the core theories of liability against Optum Rx

[1] Plaintiffs cannot establish personal jurisdiction by branding all defendants (Optum Rx, the OptumInsight Defendants, and the OptumHealth Defendants) as "Optum." *See, e.g.*, *Greif Packaging, LLC v. Transcend Transit, LLC*, 2026 WL 554698, at *14 (S.D. Ohio Feb. 27, 2026) (explaining that plaintiff "engage[d] in impermissible 'group pleading'" by "lumping the two companies together" and that without sufficient independent allegations against each of them the plaintiff could not use one as its "'anchor' defendant for purposes of civil RICO's unique venue and jurisdiction provisions").

[2] The same is true for the ESI Defendants. Plaintiffs say in a footnote that the ESI Defendants are part of the same alleged enterprise as the OptumHealth Defendants and have not challenged jurisdiction. *See* Opp. at 8 n.8. But Plaintiffs do not seriously argue that the ESI Defendants could anchor jurisdiction over the OptumHealth Defendants and for good reason—the Complaints allege no connection between those defendants.

and the alleged Formulary & UM Enterprise. Rochester Compl. ¶¶ 90, 209, 211, 481, 638; Ogdensburg Compl. ¶¶ 89, 207, 209, 479, 688.

In other words, this is not a situation where separate trials in separate forums would result in a gap in the evidence or narrative. The case against Optum Rx and the ESI Defendants can proceed with or without the OptumHealth Defendants—and no one would know the difference. Likewise, Optum Rx and the ESI Defendants would never come up at a trial against the OptumHealth Defendants. *Hall* emphasizes that § 1965(b) permits a court to exercise jurisdiction over an out-of-state defendant only when doing so is required, meaning that it must be necessary. 178 F.4th at 991–92; *see also Vanda Pharms., Inc. v. FDA*, --- F.4th ---, 2026 WL 2409429, at *6 (D.C. Cir. Aug. 18, 2026) ("Simply put, 'require' conveys a sense of necessity.") (quoting *Hall*, 178 F.4th at 991) (cleaned up). If a trial against the OptumHealth Defendants would not include testimony about any other RICO defendant, and a trial against the other RICO defendants would not include testimony about the OptumHealth Defendants, it is not "necessary" to hale the OptumHealth Defendants into a foreign forum. The OptumHealth Defendants made those arguments in their opening motion. Plaintiffs do not respond to or refute any of them.

Unable to show a need to exercise RICO jurisdiction over the OptumHealth Defendants, Plaintiffs pivot, arguing that *Hall* is inapplicable and applies only when there is "another jurisdiction [where] the RICO defendants are subject to ordinary personal jurisdiction." Opp. at 14. But that is not what the Sixth Circuit held. On the contrary, the Sixth Circuit dismissed the moving defendants *without* deciding if another court had jurisdiction over the whole case, finding that "it [was] enough to say that neither the plaintiffs nor the district court, respectfully, have identified reasons that 'require' litigation of this suit in Michigan." *Hall*, 178 F.4th at 991. In fact, the plaintiffs/appellees in *Hall* even asked the Sixth Circuit to rehear the case *because* the panel

ignored the allegedly "dispositive factor" that "no forum is available without resorting to RICO jurisdiction[.]" *See* Ex. 1 at 12. But the Sixth Circuit denied the rehearing petition, confirming that the absence of a single forum to hear the claims against all defendants is not controlling if the plaintiff cannot prove that it is "necessary" for all claims to be tried together. *See Hall v. Trivest Partners, L.P.*, 2026 WL 2389404 (July 22, 2026).

The Sixth Circuit has explained that RICO's jurisdictional provision "hardly means a plaintiff can hale any RICO defendant it likes—no matter how far-flung—into any court in any district where a single defendant has minimum contacts." *Hall*, 178 F.4th at 991. Here—as in *Hall*—"it is enough to say that [Plaintiffs] have [not] identified reasons that 'require' litigation of this suit" against the OptumHealth Defendants in New York. *Id*. Plaintiffs' attempt to force the OptumHealth Defendants to litigate in a foreign forum is precisely the mischief that *Hall* prohibits.

### B. Interests of convenience are irrelevant to the ends-of-justice analysis.

Plaintiffs also argue that forcing them to litigate against the OptumHealth Defendants in a different forum would be inconvenient. Opp. at 16–17. But after *Hall*, "interests of convenience cannot 'require,' for purposes of § 1965(b), that a defendant be haled into a district in which it lacks minimum contacts." 178 F.4th at 992. Considerations like "the cost of delay in transferring the case to another forum" and "the balance of hardships" between the parties (Opp. at 16–17) are irrelevant to the ends-of-justice analysis under *Hall*.

## III. THE LAW-OF-THE-CASE DOCTRINE IS INAPPLICABLE.

Plaintiffs acknowledge that the law-of-the-case doctrine does not apply "where a subsequent contrary view of the law is decided by the controlling authority." Opp. at 20 (quoting *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006)). That is what happened here. After this Court denied the OptumInsight Defendants' motion to dismiss (Dkt. 6235), the Sixth Circuit held that § 1965(b) does not allow the Court for convenience's sake to exercise personal

jurisdiction over a defendant that lacks minimum contacts with the forum state. *Hall*, 178 F.4th at 992. The law-of-the-case doctrine does not apply because the law has changed.

Nor could the law-of-the-case doctrine or the Court's order denying the OptumInsight Defendants' motion to dismiss short-circuit review of a separate motion brought by different defendants, based on different factual allegations, a different factual record, and a different procedural posture. "The doctrine precludes a court from reconsideration of issues 'decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition.'" *Mothers*, 454 F.3d at 538 (quoting *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997)). But the Court has never considered—expressly or by necessary inference—the specific allegations against the OptumHealth Defendants or Plaintiffs' total lack of evidence supporting jurisdiction over them. Plaintiffs' law-of-the-case argument is meritless. The allegations against the OptumHealth Defendants are materially different from—and far thinner than—those against the OptumInsight Defendants. Plaintiffs' allegations do nothing to tie the OptumHealth Defendants to any other RICO defendant or otherwise establish that it is "required" or "necessary" to force them to litigate in a far-flung forum where they lack minimum contacts. *Hall*, 178 F.4th at 991.

## IV. JURISDICTIONAL DISCOVERY IS INAPPROPRIATE.

Finally, Plaintiffs' request for additional jurisdictional discovery is baseless. *See* Opp. at 3 n.3. As Plaintiffs' own counsel acknowledged before filing the opposition, there are no jurisdictional facts left to discover. *See* Ex. 2, July 1, 2026 email from P. do Amaral ("[T]he Optum Health entities have participated in discovery during the entire 2+ year pendency of this litigation, and because the fact discovery deadline of August 21, 2026, falls before this opposition is due, Plaintiff does not intend to seek discovery beyond the existing discovery period."). The OptumHealth Defendants have participated in merits discovery for years, producing over 28,000 documents. Plaintiffs deposed Dr. Rosen and questioned him about any connections to New York.

*See* Dkt. 6632-2. After more than two years of full discovery, Plaintiffs' failure to produce any evidence of jurisdictional contacts is dispositive—not a reason for further delay. Jurisdictional discovery is inappropriate. *See C.H. By and Through Shields v. United States*, 818 F. App'x 481, 484 (6th Cir. 2020) (a plaintiff must "give the district court a reasonable basis to expect that discovery would reveal evidence that supports the claimed jurisdiction") (cleaned up).

## CONCLUSION

The Court should dismiss the OptumHealth Defendants for lack of personal jurisdiction.

Dated: September 17, 2026

*/s/ Brian D. Boone*
Brian D. Boone
Emily McGowan
Brandon C.E. Springer
Matthew P. Hooker
**ALSTON & BIRD LLP**
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
T: (704) 444-1000
brian.boone@alston.com
emily.mcgowan@alston.com
brandon.springer@alston.com
matthew.hooker@alston.com

D. Andrew Hatchett
Bradley D. Harder
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, GA 30309
T: (404) 881-7000
andrew.hatchett@alston.com
bradley.harder@alston.com

Robert J. Giuffra Jr.
Jeffrey T. Scott
Matthew J. Porpora
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Tel.: (212) 558-4000
Fax: (212) 558-3588

giuffrar@sullcrom.com
scottj@sullcrom.com
porporam@sullcrom.com

*Attorneys for OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, Optum Health Networks, Inc.*