# EXHIBIT 2

**From:** do Amaral, Paulina <Pdoamaral@lchb.com>
**Sent:** Wednesday, July 1, 2026 7:37 PM
**To:** Springer, Brandon
**Cc:** David Cohen; Anthony J. Majestro; Strumph, Caroline Rawls; Boone, Brian; Optum Opioid Team; *Optum.S&C.Opioids; PEC_Optum; PBM; Joe Rice; Jayne Conroy; Paul Farrell; Peter Weinberger
**Subject:** Re: [EXT] RE: Dismissed Optum Entities

**EXTERNAL SENDER – Proceed with caution**

---

Special Master Cohen,

Despite the ruling the Optum entities cite below, Plaintiffs anticipate that the Court will conclude the ends of justice require it to exercise personal jurisdiction over the Optum Health Entities just as it did with regard to the other entities in the Optum family.

Further, as Optum notes, the Optum Health entities have participated in discovery during the entire 2+ year pendency of this litigation, and because the fact discovery deadline of August 21, 2026, falls *before this* opposition is due, Plaintiff does not intend to seek discovery beyond the existing discovery period.

Paulina do Amaral

On Jul 1, 2026, at 4:23 PM, Springer, Brandon <Brandon.Springer@alston.com> wrote:

Special Master Cohen:

Judge Polster has never ruled on the OptumHealth entities' jurisdictional defenses. They're moving to dismiss under Rule 12(b)(2) because under Supreme Court and Sixth Circuit precedent (including the Sixth Circuit's new decision in *Hall v. Trivest Partners, L.P.*, --- F.4th ---, 2026 WL 1733558 (6th Cir. June 16, 2026)), they are not subject to personal jurisdiction in New York.

Under stipulations with the PEC, the OptumHealth entities have participated in discovery as if they were parties to the litigations, so there is no need for additional discovery.

Thanks,

**Brandon Springer**
ALSTON & BIRD LLP
(704) 444-1007

---

**From:** David Cohen <david@davidrcohen.com>
**Sent:** Wednesday, July 1, 2026 10:57 AM
**To:** Springer, Brandon <Brandon.Springer@alston.com>; do Amaral, Paulina <Pdoamaral@lchb.com>

**Cc:** Anthony J. Majestro <amajestro@powellmajestro.com>; Strumph, Caroline Rawls <Caroline.Strumph@alston.com>; Boone, Brian <Brian.Boone@alston.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>; PEC_Optum <PEC_OPTUM@listserv.motleyrice.com>; PBM <PBM@listserv.motleyrice.com>; Joe Rice <jrice@motleyrice.com>; Jayne Conroy <jconroy@simmonsfirm.com>; Paul Farrell <paul@farrellfuller.com>; Peter Weinberger <PWeinberger@spanglaw.com>
**Subject:** Re: [EXT] RE: Dismissed Optum Entities

**EXTERNAL SENDER – Proceed with caution**

---

Greetings. Judge Polster followed up on this today with a couple questions. Can Optum please state very succinctly what the bases for any motion to dismiss will be. And does any party believe discovery that has not been taken will be necessary to address the motions?

Thx

This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Tuesday, 30 June 2026 15:25:33
**To:** Springer, Brandon <Brandon.Springer@alston.com>; do Amaral, Paulina <Pdoamaral@lchb.com>
**Cc:** Anthony J. Majestro <amajestro@powellmajestro.com>; Strumph, Caroline Rawls <Caroline.Strumph@alston.com>; Boone, Brian <Brian.Boone@alston.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>; PEC_Optum <PEC_OPTUM@listserv.motleyrice.com>; PBM <PBM@listserv.motleyrice.com>; Joe Rice <jrice@motleyrice.com>; Jayne Conroy <jconroy@simmonsfirm.com>; Paul Farrell <paul@farrellfuller.com>; Peter Weinberger <PWeinberger@spanglaw.com>
**Subject:** Re: [EXT] RE: Dismissed Optum Entities

got it thx

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Springer, Brandon <Brandon.Springer@alston.com>
**Sent:** Tuesday, June 30, 2026 3:21 PM
**To:** do Amaral, Paulina <Pdoamaral@lchb.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** Anthony J. Majestro <amajestro@powellmajestro.com>; Strumph, Caroline Rawls <Caroline.Strumph@alston.com>; Boone, Brian <Brian.Boone@alston.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>; PEC_Optum <PEC_OPTUM@listserv.motleyrice.com>; PBM <PBM@listserv.motleyrice.com>; Joe Rice <jrice@motleyrice.com>; Jayne Conroy <jconroy@simmonsfirm.com>; Paul Farrell <paul@farrellfuller.com>; Peter Weinberger <PWeinberger@spanglaw.com>
**Subject:** RE: [EXT] RE: Dismissed Optum Entities

Special Master Cohen:

The parties have agreed to the below briefing schedule for the OptumHealth entities:

1. Deadline for MTDs: July 16
2. Deadline for opposition briefs: August 27
3. Deadline for reply briefs: September 17

Thanks,

**Brandon Springer**
ALSTON & BIRD LLP
(704) 444-1007

---

**From:** do Amaral, Paulina <Pdoamaral@lchb.com>
**Sent:** Monday, June 29, 2026 3:28 PM
**To:** Springer, Brandon <Brandon.Springer@alston.com>; David R. Cohen <david@specialmaster.law>
**Cc:** Anthony J. Majestro <amajestro@powellmajestro.com>; Strumph, Caroline Rawls <Caroline.Strumph@alston.com>; Boone, Brian <Brian.Boone@alston.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>; PEC_Optum <PEC_OPTUM@listserv.motleyrice.com>; PBM <PBM@listserv.motleyrice.com>; Joe Rice <jrice@motleyrice.com>; Jayne Conroy <jconroy@simmonsfirm.com>; Paul Farrell <paul@farrellfuller.com>; Peter Weinberger <PWeinberger@spanglaw.com>
**Subject:** RE: [EXT] RE: Dismissed Optum Entities

**EXTERNAL SENDER – Proceed with caution**

---

Special Master Cohen, Obviously, we missed Brandon's request. Please give us a day or two to discuss these dates with the PBMs. Thank you.

Paulina do Amaral

<image001.gif>

**Paulina do Amaral**
**Partner**
pdoamaral@lchb.com
t 212.355.9500
f 212.355.9592

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
www.lieffcabraser.com

---

**From:** Springer, Brandon <Brandon.Springer@alston.com>
**Sent:** Monday, June 29, 2026 2:16 PM
**To:** David R. Cohen <david@specialmaster.law>
**Cc:** Anthony J. Majestro <amajestro@powellmajestro.com>; Strumph, Caroline Rawls <Caroline.Strumph@alston.com>; Boone, Brian <Brian.Boone@alston.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>; PEC_Optum <PEC_OPTUM@listserv.motleyrice.com>; PBM <PBM@listserv.motleyrice.com>; Joe Rice <jrice@motleyrice.com>; Jayne Conroy <jconroy@simmonsfirm.com>; Paul Farrell <paul@farrellfuller.com>; Peter Weinberger <PWeinberger@spanglaw.com>; do Amaral, Paulina <Pdoamaral@lchb.com>
**Subject:** [EXT] RE: Dismissed Optum Entities

Special Master Cohen:

We never heard back from the PEC about this. Given that Judge Polster's order did not implement any deadline for the OptumHealth entities to respond to the Tracks 12 and 22 complaints, we'd request the following schedule for briefing motions to dismiss on behalf of the OptumHealth entities:

1. Deadline for MTDs: July 16
2. Deadline for opposition briefs: August 13
3. Deadline for reply briefs: September 3

Thanks,

**Brandon Springer**
ALSTON & BIRD LLP
(704) 444-1007

---

**From:** Springer, Brandon <Brandon.Springer@alston.com>
**Sent:** Wednesday, June 3, 2026 5:46 PM
**To:** Anthony J. Majestro <amajestro@powellmajestro.com>; David R. Cohen <david@specialmaster.law>
**Cc:** Strumph, Caroline Rawls <Caroline.Strumph@alston.com>; Boone, Brian <Brian.Boone@alston.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>; PEC_Optum <PEC_OPTUM@listserv.motleyrice.com>; PBM <PBM@listserv.motleyrice.com>; Joe Rice <jrice@motleyrice.com>; Jayne Conroy <jconroy@simmonsfirm.com>; Paul Farrell <paul@farrellfuller.com>; Peter Weinberger <PWeinberger@spanglaw.com>; Paulina do Amaral <Pdoamaral@lchb.com>
**Subject:** RE: Dismissed Optum Entities

Tony,

We haven't decided yet whether the OptumHealth entities will answer or file a dispositive motion. If the latter, we would be willing to work with the PEC on a briefing schedule for both sides.

Let us know if you agree to a June 30 deadline for OptumHealth.

Thanks,

**Brandon Springer**
ALSTON & BIRD LLP
(704) 444-1007

---

**From:** Anthony J. Majestro <amajestro@powellmajestro.com>
**Sent:** Monday, June 1, 2026 5:18 PM
**To:** Springer, Brandon <Brandon.Springer@alston.com>; David R. Cohen <david@specialmaster.law>
**Cc:** Strumph, Caroline Rawls <Caroline.Strumph@alston.com>; Boone, Brian <Brian.Boone@alston.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>; PEC_Optum <PEC_OPTUM@listserv.motleyrice.com>; PBM <PBM@listserv.motleyrice.com>; Joe Rice <jrice@motleyrice.com>; Jayne Conroy <jconroy@simmonsfirm.com>; Paul Farrell <paul@farrellfuller.com>; Peter Weinberger <PWeinberger@spanglaw.com>; Paulina do Amaral <Pdoamaral@lchb.com>
**Subject:** Re: Dismissed Optum Entities

**EXTERNAL SENDER – Proceed with caution**

---

Sorry, I have been covered up by other cases. I have been asked to inquire what you mean by respond. Answer or MTD?

—Tony

Anthony J. Majestro, Esq.
Powell & Majestro, PLLC
405 Capitol Street, Suite 807
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

<image002.png>

---

**From:** Springer, Brandon <Brandon.Springer@alston.com>
**Date:** Monday, June 1, 2026 at 5:15 PM
**To:** Anthony J. Majestro <amajestro@powellmajestro.com>; David R. Cohen <david@specialmaster.law>
**Cc:** Strumph, Caroline Rawls <Caroline.Strumph@alston.com>; Boone, Brian <Brian.Boone@alston.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>; PEC_Optum <PEC_OPTUM@listserv.motleyrice.com>; PBM <PBM@listserv.motleyrice.com>; Joe Rice <jrice@motleyrice.com>; Jayne Conroy <jconroy@simmonsfirm.com>; Paul Farrell <paul@farrellfuller.com>; Peter Weinberger <PWeinberger@spanglaw.com>; Paulina do Amaral <Pdoamaral@lchb.com>
**Subject:** RE: Dismissed Optum Entities

Tony –

Just wanted to follow up: Do Plaintiffs agree to a June 30 responsive pleading deadline for the OptumHealth entities?

Thanks,

**Brandon Springer**
ALSTON & BIRD LLP
(704) 444-1007

---

**From:** Springer, Brandon
**Sent:** Friday, May 29, 2026 10:59 AM
**To:** 'Anthony J. Majestro' <amajestro@powellmajestro.com>; David R. Cohen <david@specialmaster.law>
**Cc:** Strumph, Caroline Rawls <Caroline.Strumph@alston.com>; Boone, Brian <Brian.Boone@alston.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>; PEC_Optum <PEC_OPTUM@listserv.motleyrice.com>; PBM <PBM@listserv.motleyrice.com>; Joe Rice <jrice@motleyrice.com>; Jayne Conroy <jconroy@simmonsfirm.com>; Paul Farrell <paul@farrellfuller.com>; Peter Weinberger <PWeinberger@spanglaw.com>; Paulina do Amaral <Pdoamaral@lchb.com>
**Subject:** RE: Dismissed Optum Entities

Tony:

Will Plaintiffs consent to a June 30 deadline for the OptumHealth entities to respond to the Track 12 and 22 complaints? If so, we can send around a stipulation.

Thanks,

**Brandon Springer**
ALSTON & BIRD LLP
(704) 444-1007

---

**From:** Anthony J. Majestro <amajestro@powellmajestro.com>
**Sent:** Thursday, April 9, 2026 4:53 PM
**To:** David R. Cohen <david@specialmaster.law>
**Cc:** Strumph, Caroline Rawls <Caroline.Strumph@alston.com>; Boone, Brian <Brian.Boone@alston.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>; PEC_Optum <PEC_OPTUM@listserv.motleyrice.com>; PBM <PBM@listserv.motleyrice.com>; Joe Rice <jrice@motleyrice.com>; Jayne Conroy <jconroy@simmonsfirm.com>; Paul Farrell <paul@farrellfuller.com>; Peter Weinberger <PWeinberger@spanglaw.com>; Paulina do Amaral <Pdoamaral@lchb.com>
**Subject:** Re: Dismissed Optum Entities

**EXTERNAL SENDER – Proceed with caution**

---

Thanks David.
---

Anthony J. Majestro, Esq.
Powell & Majestro, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

Sent from my iPhone

On Apr 9, 2026, at 4:51 PM, David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law> wrote:

Anthony, your request for leave to file a motion by 4/15 is fine.

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Anthony J. Majestro <amajestro@powellmajestro.com>
**Sent:** Tuesday, April 7, 2026 9:24 PM
**To:** Strumph, Caroline Rawls <Caroline.Strumph@alston.com>; Boone, Brian <Brian.Boone@alston.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** Optum Opioid Team <Optum.Opioid.Team@alston.com>; *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>; PEC_Optum <pec_optum@listserv.motleyrice.com>; PBM <pbm@listserv.motleyrice.com>; Joe Rice <jrice@motleyrice.com>; Jayne Conroy <jconroy@simmonsfirm.com>; Paul Farrell (paul@farrellfuller.com) <paul@farrellfuller.com>; Peter Weinberger <PWeinberger@spanglaw.com>; Paulina do Amaral <pdoamaral@lchb.com>
**Subject:** Re: Dismissed Optum Entities

Dear Special Master Cohen:
We write briefly in response to Optum's April 6 letter.
The PEC is not requesting to "collapse" entities or impose any form of enterprise-wide liability. Instead, Optum's response underscores the issue raised by the PEC: Optum still insists that if the PEC wants to pursue conduct by OptumHealth entities, it must do so against those specific entities. The PEC's request to reinstate those entities in both

bellwether cases aligns with the stipulations, which clearly allow claims to be reasserted against the dismissed OptumHealth entities.

The discovery record includes evidence tying relevant conduct to OptumHealth personnel. The issue for the PEC, therefore, is not whether separate entities should be merged, but whether the entities identified by the evidentiary record should be reinstated to the case under the stipulations' reassertion framework. Any debate over the merits of that evidence should wait until discovery is complete.

Based on Optum's response, the PEC no longer believes a mediated solution is likely to be productive. Because the PEC's stipulations with Optum expressly contemplate reassertion of claims against the dismissed Optum entities, the PEC would like to proceed by motion to effectuate that aspect of the stipulations. Optum, in turn, is free to respond in the ordinary course, including by opposing that request or by seeking dismissal of the OptumHealth entities through Rule 12(b) or Rule 56 motion practice.

Accordingly, unless the Court prefers a different procedure, the PEC respectfully requests leave until April 15 to file its motion.

Thank you for your consideration.

—Tony

Anthony J. Majestro, Esq.
Powell & Majestro, PLLC
405 Capitol Street, Suite 807
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

<image001.png>

---

**From:** Strumph, Caroline Rawls <Caroline.Strumph@alston.com>
**Date:** Monday, April 6, 2026 at 5:45 PM
**To:** Boone, Brian <Brian.Boone@alston.com>, Anthony J. Majestro <amajestro@powellmajestro.com>, David R. Cohen <david@specialmaster.law>
**Cc:** Optum Opioid Team <Optum.Opioid.Team@alston.com>, *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>, PEC_Optum <pec_optum@listserv.motleyrice.com>, PBM <pbm@listserv.motleyrice.com>, Joe Rice <jrice@motleyrice.com>, Jayne Conroy <jconroy@simmonsfirm.com>, Paul Farrell (paul@farrellfuller.com) <paul@farrellfuller.com>, Peter Weinberger <PWeinberger@spanglaw.com>
**Subject:** RE: Dismissed Optum Entities

Special Master Cohen,

Please see the attached response to Tony's April 1 email below.

Best,
Caroline

Caroline Rawls Strumph
Partner
**ALSTON & BIRD**
1201 West Peachtree Street

Atlanta, GA 30309
+1 404 881 7849 (O)
Caroline.Strumph@alston.com

---

**From:** Boone, Brian <Brian.Boone@alston.com>
**Sent:** Wednesday, April 1, 2026 7:52 AM
**To:** Anthony J. Majestro <amajestro@powellmajestro.com>; David R. Cohen <david@specialmaster.law>
**Cc:** Optum Opioid Team <Optum.Opioid.Team@alston.com>; *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>; PEC_Optum <pec_optum@listserv.motleyrice.com>; PBM <pbm@listserv.motleyrice.com>; Joe Rice <jrice@motleyrice.com>; Jayne Conroy <jconroy@simmonsfirm.com>; Paul Farrell (paul@farrellfuller.com) <paul@farrellfuller.com>; Peter Weinberger <PWeinberger@spanglaw.com>
**Subject:** Re: Dismissed Optum Entities

Special Master Cohen:

Before anything happens, we'd like an opportunity to respond to Tony's email. Given the religious holiday, we'd ask that you give us until Monday to respond.

We're separately preparing a response to Mike Elsner's email from yesterday and will send that by tomorrow.

Brian D. Boone
**ALSTON & BIRD**
Vantage South End
1120 South Tryon Street
Suite # 300
Charlotte, NC 28203
704.444.1106 (office)
704.441.1959 (mobile)
brian.boone@alston.com

---

**From:** Anthony J. Majestro <amajestro@powellmajestro.com>
**Sent:** Wednesday, April 1, 2026 6:40:58 AM
**To:** David R. Cohen <david@specialmaster.law>
**Cc:** Optum Opioid Team <Optum.Opioid.Team@alston.com>; *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>; PEC_Optum <pec_optum@listserv.motleyrice.com>; PBM <pbm@listserv.motleyrice.com>; Joe Rice <jrice@motleyrice.com>; Jayne Conroy <jconroy@simmonsfirm.com>; Paul Farrell (paul@farrellfuller.com) <paul@farrellfuller.com>; Peter Weinberger <PWeinberger@spanglaw.com>
**Subject:** Dismissed Optum Entities

**EXTERNAL SENDER – Proceed with caution**

---

Dear Special Master Cohen:
I am writing on behalf of the PEC to request guidance on how to proceed regarding certain Optum entities. As you know, the PEC and the PBMs agreed to stipulations aimed at

streamlining litigation against the PBMs by dismissing specific parent and subsidiary entities ("Dismissed Optum Entities"). The stipulations anticipated that future discovery might require the reintroduction of one or more of these entities as defendants in the case. Following the stipulations, the Dismissed Optum Entities were dismissed by stipulation in Track 12 and Stipulation and Order in Track 22.

Based on the discovery conducted by the PEC and the positions Optum has taken in the Jefferson County litigation, the PEC believes that some of the Dismissed Optum entities should be rejoined as defendants. We seek your guidance and the Court's direction on how to accomplish this. Alternatively, the PEC is willing to participate in a meet-and-confer with Optum, mediated by you.

Under the 2024 stipulation with the UHG/Optum family, the PEC dismissed UnitedHealth Group Incorporated, Optum, Inc., OptumRx Discount Card Services, LLC, Optum Perks, LLC, OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, and Optum Health Networks, Inc., leaving only OptumRx, Inc., OptumInsight, Inc., and OptumInsight Life Sciences, Inc. as named defendants. Unlike the later stipulation reached with ESI, Optum refused to agree to stand in the shoes of the dismissed Optum entities or accept liability on their behalf. Instead, OptumRx, OptumInsight, and OptumInsight Life Sciences agreed only to respond to discovery individually, while the dismissed Optum entities would continue to participate in discovery as if they were named parties.

That distinction has now become important because the discovery seems to connect relevant conduct to the dismissed entities themselves, especially OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, and Optum Health Networks, Inc. (collectively "OptumHealth"). The materials the PEC has unearthed in discovery provide evidence that OptumHealth personnel were involved in creating, using, and sharing pain management and opioid-related training materials; collaborating with Purdue on training and educational projects; using Purdue slide decks and Purdue funded front group American Pain Society(APS) materials during Optum/UHC trainings; and distributing these materials through case managers, nurses, medical directors, and related staff. The current record also shows that the National Medical Director for Optum Health from 1996 through 2021, Dr. Michael Rosen, requested 50 copies of APS materials for training purposes, used APS materials as supplements to training presentations, received Purdue decks with opioid-related messages, confirmed using a Purdue pain deck in a presentation, and served as the Optum lead for a Purdue "Pain Management Case Manager Training" partnership.

The evidence also suggests that this was not isolated or purely internal. The current record reflects that OptumHealth approved Purdue's "Partners in Pain" pamphlet as an educational resource and that Rosen testified the approved resource list would have been accessible to clinical personnel, including case managers and medical directors. The outline further identifies testimony that if UnitedHealthcare had case managers and medical directors in New York, they would have been part of the nationwide network receiving the educational materials Rosen helped develop.

The discovery also provides evidence that OptumHealth's role was not limited to historical education efforts but extended into opioid-related knowledge, intervention, and representations within the company. The current record includes evidence that OptumHealth had access to broad opioid utilization data, internally identified high-MED opioid users as presenting a "major opportunity for intervention," publicly represented that it was working to enforce CDC guidelines, and recognized the importance of reducing overprescribing and expanding non-opioid alternatives.

This problem exists because Optum refuses to agree to what every other bellwether defendant in the MDL has -- agreeing to have the remaining defendants stand in the shoes of dismissed entities. By contrast, the ESI stipulation provided a materially different structure. There, Express Scripts, Inc. and ESI Mail Pharmacy Service, Inc. agreed to stand in the shoes of the

dismissed PBM and MOP entities for discovery, claims, defenses, and injunctive relief, and ESI also made a capitalization representation on which the PEC expressly relied. This is the kind of protection that was not obtained in the Optum stipulation.

Based on the discovery that has developed, the PEC believes the Optum Health defendants ,should now be brought back into the case, unless Optum is willing to agree to an arrangement that cures the present mismatch between the evidence and the remaining parties. Optum's current position is that it refuses to do so.

We would therefore appreciate your guidance on the appropriate way to proceed. We are considering filing a motion to vacate the order dismissing the the Optum Health defendants, , but are open to other options if the Court believes another procedural route is preferable. Alternatively, we request that you facilitate a meet-and-confer with Optum to either reach an ESI-type agreement or, if that is not possible, to narrow the issues regarding the reinstatement of the dismissed Optum Health defendants.

For your convenience, the relevant stipulations are attached to this email.

Thank you for your time and consideration.

—Tony

Anthony J. Majestro, Esq.
Powell & Majestro, PLLC
405 Capitol Street, Suite 807
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

---

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.